JOHN DEVALCOURT *v.* M. E. DILLON—same *v.* same—Consolidated cases.

*A*, being indebted to *B*, deposits in his hands, merchandize to be sold, and the proceeds to be applied to the extinguishment of the debt. This constitutes a contract of mandate between *A* and *B*, which obliges the former to reimburse the latter, whatever necessary and useful expenses have been incurred in fulfilling the object of the mandate.

. A nonsuit entered up against a party who does not appear when called in court, is not such an abandonment of the suit, as prevents it from interrupting prescription.

APPEAL from the District Court of St. Martin, *Dupré, J.*

*J. G. Oliver*, for plaintiff. *Martin Voorhies*, for defendant and appellant.

BUCHANAN, J. The receipt filed with this answer, does not prove a payment of the note, which is the basis of the first of these suits, as contended for by defendant's counsel. It shows that a bill of lading of certain merchandize had been put into plaintiff's hands, the proceeds of which merchandize to be applied in extinguishment of the note of defendant. But the depositions of witnesses examined under commissions, and the record evidence from New York, establish that this shipment of molasses and sugar, did not benefit plaintiff, but was, on the contrary, a source of great trouble and expense to him; and that, far from realizing anything from the proceeds of said shipment, he was compelled to disburse money in costs and charges; of which he claims reimbursement in the second of these consolidated cases.

The prescription of five and ten years, pleaded by defendant, has not been acquired. It is well settled, that a nonsuit entered up against a party who does not appear when called in court, is not such an abandonment of the suit, as prevents it from interrupting prescription: and in this case, the absence of plaintiff at the October term of 1854, is accounted for by the epidemic which then prevailed, and the death of his counsel.

Neither is the prescription of one year, applicable to the second of those suits. This is an action *ex contractu*, not *ex delicto*. *A*, being indebted to *B*, deposits in his hands merchandize to be sold, and the proceeds to be applied in extinguishment of the debt. This constitutes a contract of mandate between *A* and *B*, which obliges the former to reimburse the latter whatever necessary and useful expenses have been incurred in fulfilling the objects of the mandate.

It is not perceived that the article 3503, of the Code, has any application to these actions.

The amounts allowed by the court below, appear to us correct.

It is proved that the plaintiff paid a bill of exchange drawn upon him at one day's sight for the costs and charges incurred in New York by reason of the shipment of the molasses and sugar in question, and a witness, *John Compton*, proves that those costs and charges were actually incurred. The schedule or account, of those charges, includes a charge of interest at the rate of seven per cent. per annum, by *Compton*, in New York, which is believed to be in accordance with mercantile usage. The charge of half commissions on cargo was properly rejected.

Judgment affirmed, with costs.